IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

COREY M. TURNER                                                                    PETITIONER

VS.                              No.  4:20-cv-01182 JM/PSH

DEXTER PAYNE, Director of the
Arkansas Department of Correction                                          RESPONDENT

# FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Corey M. Turner ("Turner"), currently in the custody of the Arkansas Department of Correction ("ADC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  In his petition, filed in October 2020, it was unclear whether Turner was challenging a 2018 conviction, a 2009 conviction, or both.  Turner did not clearly identify the earlier case and did not clearly state his intention regarding the conviction or convictions being challenged.  The Court sought clarification from Turner, and he

1

confirmed his intention to challenge two separate convictions from Clark County in this case.[1]  The convictions and the challenges to the convictions, briefly, are:

**2009 convictions** – Turner entered guilty pleas in September 2009 in Clark County Circuit Court, case number 10CR-09-56, to possession with intent to deliver a controlled substance and endangering the welfare of an incompetent person in the third degree.  Turner was sentenced to 10 years and 5 years, respectively, in prison for these crimes.  A direct appeal was unavailable to Turner because of his guilty plea.  He did not seek postconviction relief pursuant to Ark. R. Crim. P. 37.

Turner advances the following claims for habeas relief with regard to the 2009 convictions:

1.  Turner was without knowledge that his co-defendant set up a sale of hydrocodone;

2.  The police used self-incriminating statements without issuing *Miranda* warnings;

3.  The police allowed Turner to be coerced by his co-defendant; and

4.  He is actually innocent.

**2018 conviction** – Turner entered a guilty plea in October 2018 in Clark County Circuit Court, case number 10CR-18-82, to possession of methamphetamine with intent to deliver.  He was deemed an habitual offender and sentenced to 20 years in prison followed by a 10 year suspended imposition of sentence.  As with the 2009

---

[1]The relevant rules do not preclude Turner from challenging more than one conviction in a § 2254 petition so long as the convictions arise from the same state court.  *See* Rule 2(e) of the Rules Governing § 2254 Cases in the United States District Courts.

convictions, no direct appeal was available. Turner filed a Rule 37 petition for postconviction relief in November 2018, alleging his trial attorney was ineffective by failing to investigate weaknesses in the prosecution's case; failing to obtain crime-laboratory reports; failing to verify the credibility of a confidential informant; and allowing the prosecutor to intimidate Turner into pleading guilty by threatening additional charges. On May 31, 2019, the trial court denied Rule 37 relief, finding that Turner's Rule 37 petition did not comply with the requirements of Ark. R. Crim. P. 37.2(g) because it did "not contain a proper verification signed by the Defendant as required by law and, indeed, does not contain a verification in any form." Docket entry no. 8-2, page 148. The trial court also found that Turner was seeking relief for claims which were waived by his entry of a guilty plea. On February 26, 2020, the Arkansas Court of Appeals affirmed the trial court, holding that Turner failed to verify his Rule 37 petition as required by Rule 37.1(c). *Turner v. State*, 2020 Ark. App. 2023.

Turner advances the following claims for habeas relief with regard to his 2018 conviction:

1. The evidence was seized pursuant to an unconstitutional search and seizure; and

2. Turner's trial counsel was ineffective in the following instances:

    a. Failure to move to suppress the seized evidence;

    b. Failure to advise Turner of his right to enter a conditional guilty plea pursuant to Ark. R. Crim. P. 24.3(b)(I);

    c. Failure to investigate the sufficiency of the evidence; and

    d. Failure to investigate the chain of custody.

Respondent Dexter Payne ("Payne") responded to Turner's claims attacking the 2009 and 2018 convictions. He argues, in part, that Turner's challenges should be dismissed as untimely. The Court notified Turner of his opportunity to address Payne's contentions, and he responded. See docket entry nos. 9, 17, & 24. For the following reasons, the Court finds that the statute of limitations bars Turner's habeas claims in both cases.

**Statute of Limitations**

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**The 2009 convictions and timeliness.**

Payne contends that Turner should have filed his federal habeas petition on or before October 21, 2010, in order to comply with the timeliness provisions of 28 U.S.C. § 2244. Specifically, Payne calculates that the statute of limitations began to run upon expiration of the time for seeking direct review. Entry of judgment on Turner's convictions was filed September 21, 2009. The time for direct review expired thirty days from entry of judgment, or on October 21, 2009. *See Camacho v. Hobbs*, 774 F.3d 931-934-35 (8th Cir. 2015). Payne's calculations are correct, and the Court finds that the statute of limitations expired October 21, 2010. Because Turner's petition seeking habeas relief was filed on October 6, 2020, almost 10 years later, his habeas petition was not timely filed.

Turner cannot rely on the statutory tolling provision set forth in 28 U.S.C. § 2244(2). Because he did not seek postconviction or other collateral review, there is no period of time during which the limitations period was tolled. Turner also cannot claim equitable tolling of the limitations period.

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). There is no evidence that extraordinary circumstances beyond Turner's control made it impossible for him to file a timely state postconviction petition or that he was "lulled" into inaction.

Turner asserts, however, that the limitations period should be equitably tolled because he is actually innocent. The Supreme Court has considered equitable tolling of the limitations period when actual innocence is alleged. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* holds that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, Turner must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prove actual innocence, Turner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. To meet this demanding standard, Turner offers an affidavit from Zera Turner, identified as Turner's co-defendant. Docket entry no. 19, pages 4-5. In the affidavit, executed in February 2021, Zera Turner states "Corey did not have anything with phone calls or the selling of the hydros." *Id.*, page 4. This affidavit does not constitute the "new

6

reliable evidence" envisioned in *Schlup v. Delo, supra.* In *McQuiggin*, the petitioner sought to show his innocence by offering three affidavits pointing to another person as the perpetrator. The Court found the affidavits lacking because the information contained in them was substantially available to the petitioner at trial. Thus, the affidavits did not amount to "new" evidence. The Court continued: "Moreover, the proffered evidence, even if 'new,' was hardly adequate to show that, had it been presented at trial, no reasonable juror would have convicted Perkins." *McQuiggin*, 569 U.S. at 400–01. In this instance, the reasoning from *McQuiggin* controls. The information in the Zera Turner affidavit was available at the time of Turner's guilty plea. And even if it was "new" evidence, the information in it is inadequate to show that no reasonable jury would have convicted Turner. As a result, Turner fails to establish actual innocence as a pathway to defeating the limitations period with regard to his 2009 convictions.

The habeas challenges to Turner's 2009 convictions should be dismissed for failure to comply with the timeliness provisions of 28 U.S.C. § 2244.

**The 2018 conviction and timeliness.**

Payne also contends that Turner failed to timely challenge his 2018 conviction, asserting that Turner should have filed his federal habeas petition on or before November 29, 2019, in order to comply with the timeliness provisions of 28 U.S.C. § 2244. The record establishes that the judgment was entered on October 30, 2018, and the time for direct review expired 30 days later, or on November 29, 2018. Unless the limitations period was tolled, the statute of limitations expired one year

later, on November 29, 2019. Turner's federal habeas corpus petition was filed on October 6, 2020, more than ten months after the limitations period expired.

Turner filed a Rule 37 petition in state court on November 16, 2018, claiming ineffective assistance of counsel. The Court finds that the statute of limitations was not statutorily tolled during the time that the Rule 37 petition was pending because the petition was not "properly filed" as required by 28 U.S.C. § 2244(2). Ark. R. Civ. P. 37.1(c) requires a Rule 37 petition to be accompanied by the petitioner's sworn affidavit verifying that the facts stated in the petition are true, correct, and complete. Rule 37.1(d) provides that a petition that does not comply with the affidavit requirement shall be dismissed by the circuit or appellate court. The trial court, in May 2019, dismissed the Rule 37 petition, in part because of Turner's failure to satisfy the affidavit requirement of Rule 37.1(c). Turner appealed to the Arkansas Court of Appeals, which held "that the circuit court correctly dismissed Turner's November 2018 petition for failure to abide by Rule 37.1(c)'s requirements." *Turner v. State*, 2020 Ark.App. 143.

Turner does not dispute that his Rule 37 petition did not comply with the affidavit requirement of Rule 37.1(c). However, he points to a December 2018 amended Rule 37 petition he filed, contending that it complied with the Arkansas Rules and cured the earlier defect. This argument is without merit. The Arkansas Court of Appeals squarely addressed this argument:

> Following his initial November 2018 petition, Turner filed a multitude of documents (petitions, motions, memoranda, etc.) and at least one amended petition for postconviction relief that included a compliant Rule 37.1(c) affidavit. Turner did not, however, seek leave to file an

8

amended petition in accordance with Ark. R. Crim. P. 37.2(e), which provides that "[b]efore the court acts upon a petition filed under this rule, the petition may be amended *with leave of the court*." Turner did not ask for such permission before the circuit court ruled on the November 2018 petition, so the circuit court consequently did not grant leave to file an amended petition. Turner later requested leave to file an amended petition, but this request was made after the order on appeal was issued. [italics added].

*Turner v. State*, 2020 Ark. App. 143, 3.

Because Turner did not comply with Rule 37.1(c), there was no "properly filed" petition within the meaning of 28 U.S.C. § 2244(2). *See Walker v. Norris*, 436 F.3d 1026 (8th Cir. 2006) (unverified Rule 37 petition was not "properly filed" for statutory tolling purposes). Consequently, Turner is not entitled to statutory tolling of the limitations period during the time his Rule 37 petition and related appeal were pending.

Turner is also not entitled to equitable tolling of the one year statute of limitations. "Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). Turner contends that extraordinary circumstances beyond his control made it impossible for him to time a timely petition.[2] His arguments, however, center on claimed impediments to the proper filing of a petition for

---

[2]Lack of legal knowledge or resources, confusion about state postconviction law or the federal limitations period, or the pro se status of the petitioner do not justify application of equitable tolling. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

postconviction relief in state court.[3] He fails to provide evidence that extraordinary circumstances beyond his control made it impossible for him to file a timely petition seeking habeas relief in federal court. Turner is not entitled to equitable tolling of the statute of limitations. Because he failed to file this habeas petition by November 29, 2019, his claims related to the 2018 conviction are barred by the statute of limitations.

**Conclusion:** The petition for writ of habeas corpus challenging Turner's 2009 and 2018 convictions should be dismissed with prejudice for failure to file a timely petition for relief.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 23rd day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to Arkansas Rule of Criminal Procedure 37, Turner had 90 days from the entry of judgment to file a Rule 37 petition. A.R.Cr.P. 37.2(c)(1).